UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION MARC PRYOR,<br>Plaintiff,<br>v.<br>LOS ANGELES COUNTY DISTRICT ATTORNEYS' OFFICE,<br>Defendant. | NO. CV 17-0633-DSF (AGR)<br><br>ORDER TO SHOW CAUSE |

On January 26, 2017, Plaintiff, a state inmate, filed a civil rights complaint and requested leave to proceed without prepayment of filing fees. For the reasons discussed below, it appears the court lacks jurisdiction over Plaintiff's claims under either the *Rooker-Feldman* doctrine or the *Younger* doctrine.

The court therefore orders Plaintiff to show cause on or before ***March 6, 2017***, why this court should not recommend dismissal without prejudice due to lack of jurisdiction.

**I.**

**PROCEDURAL BACKGROUND**

The complaint and its exhibits do not provide a complete background for this lawsuit. According to a hearing transcript, Plaintiff was sentenced to life without the possibility of parole after a conviction in 1988 based on a murder committed in June 1986 in Los Angeles County Superior Court Case No. A915615. (Exh. H at 1-2, 7; Exh. J, Dkt. No. 1 at 51, 53.)[1] On December 28, 1989, the California Court of Appeal affirmed the judgment with sentence modifications. (Case No. B036280.)

In May 2012, Plaintiff apparently sent a California Public Records Act request to the Los Angeles District Attorney's Office. (Compl. at 2 & Exh. B.) Plaintiff does not disclose what he requested. The response states that, to receive the 2,865 pages, Plaintiff must pay the costs and fees pursuant to Cal. Gov't Code § 6253(b). Alternatively, the response states that Plaintiff may confer with his counsel to determine whether he is entitled to post-conviction discovery pursuant to Cal. Penal Code § 1054.9.

Plaintiff subsequently filed a request for post-conviction discovery pursuant to Cal. Penal Code § 1054.9. (There is no indication Plaintiff pursued production pursuant to his Public Records Act request.) On April 13, 2016, pursuant to direction from the California Supreme Court, the California Court of Appeal issued an alternative writ that required the Los Angeles County Superior Court in Case No. A915615 to conduct a full hearing pursuant to Cal. Penal Code § 1054.9 and *Rubio v. Superior Court*, 244 Cal. App. 4th 459 (2016), or else show cause why a peremptory writ of mandate should not issue. (Exh. F.)

On July 13, 2016, the Superior Court conducted a hearing after appointing counsel for Plaintiff. At the hearing, Plaintiff's counsel read into the record the

[1] All cited exhibits are attached to the complaint. Page citations to Dkt. No. 1 are to the page numbers assigned by the CM/ECF system in the header.

nine categories of items requested by Plaintiff. Counsel for Plaintiff and the District Attorney's Office discussed the disposition of each category. (Exh. H at 3-10.) The court set a further hearing on September 7, 2016 to address open issues. (*Id.* at 14.) On September 7, 2016, the Superior Court issued an order, but Plaintiff does not attach it. (Dkt. No. 1 at 57 n.4.)

According to the California Court of Appeal's online docket in Case No. B269919, the petition was dismissed as moot after receipt of a Superior Court order dated September 28, 2016. (*See* www.appellatecases.courtinfo.ca.gov.)

On November 3, 2016, Plaintiff filed a petition for review in the California Supreme Court in Case No. S238192. The Court requested an answer. On December 8, 2016, Plaintiff's counsel signed an acknowledgment of receipt of evidentiary materials from the District Attorney's file in the categories discussed at the hearing. (Exh. I.) On December 13, 2016, the People filed an answer. On December 27, 2016, Plaintiff filed a reply. On January 11, 2017, the California Supreme Court denied the petition for review. (Exh. A.)

In the meantime, on August 22, 2016, Plaintiff apparently filed a motion for protective order pursuant to Cal. Penal Code § 1054.7/1054.6 and a motion for post-conviction DNA testing and appointment of an independent serologist expert in Superior Court Case No. A915616. (Exh. K at 1-2.) On November 28, 2016, the People served a response that opposed appointment of an independent serologist expert on the grounds that the biological evidence had not been shown to exist based on the July 12, 2016 hearing and requested an extension of time to file an opposition to Plaintiff's motion for DNA testing. (Exh. K, Dkt. No. 1 at 58-61.)

Plaintiff does not disclose the outcome, if any, of the motions he filed in Superior Court on August 22, 2016.

Plaintiff files suit in this court requesting that the court order (1) production of 2,865 pages identified in response to his California Public Records Act request;

(2) production of 235 pages included in the District Attorney's Estimate of Costs in Case No. A915615 prior to the California Court of Appeal's alternative writ issued on April 13, 2016; (3) full accounting for all physical evidence destroyed or disposed of in his underlying criminal case including orders for destruction; (4) full access to blood swatches for DNA testing "without opposition"; and (5) appointment of an independent forensic expert. (Compl. at 6.)

## II.

## THE *ROOKER-FELDMAN* DOCTRINE

"[U]nder . . . the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). "Stated simply, the *Rooker-Feldman* doctrine bars suits 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine applies when "the federal plaintiff . . . complain[s] of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

To the extent Plaintiff seeks discovery beyond that permitted by the state court's orders, *Rooker-Feldman* appears to bar jurisdiction over Plaintiff's action. *See Miramontes v. Zellerbach,* No. EDCV 13-0027-JFW (RNB), 2014 WL 793143 (C.D. Cal. 2014) (order accepting Report And Recommendation) (holding the *Rooker-Feldman* doctrine jurisdictionally barred prisoner-plaintiff's civil rights action seeking post-conviction discovery that plaintiff unsuccessfully had sought pursuant to Cal. Penal Code § 1054 in state courts); *see also Henrichs v. Valley*

*View Development*, 474 F.3d 609, 614 (9th Cir. 2007) (request to declare state court judgment void "is squarely barred by *Rooker-Feldman*").

**III.**

**THE *YOUNGER* DOCTRINE**

Exhibit K to Plaintiff's complaint indicates that there are ongoing proceedings in state court in connection with Plaintiff's request for access to blood swatches and appointment of an independent forensic expert. *Younger* abstention is appropriate to the extent Plaintiff seeks relief from federal court that would interfere with matters pending before the state courts. *Younger v. Harris*, 401 U.S. 37 (1971). Such ongoing state court proceedings would implicate important state interests in post-conviction criminal proceedings. Moreover, Plaintiff has an adequate opportunity to litigate federal claims in state court. *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

**IV.**

**PUBLIC RECORDS ACT CLAIM**

To the extent Plaintiff seeks production of documents identified in response to his California Public Records Act request, the complaint provides no indication that Plaintiff pursued his Public Records Act request after receiving the response letter that requested payment for the copies and advised him of his option of pursuing discovery through Cal. Penal Code § 1054.9.

In the absence of a cognizable federal claim or any facts supporting diversity jurisdiction, a federal court generally declines to exercise supplemental jurisdiction over a state law claim. 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

**V.**

**ORDER**

IT IS THEREFORE ORDERED that on or before ***March 6, 2017,*** Plaintiff

shall show cause why this court should not recommend dismissal without prejudice based on lack of jurisdiction. **If Plaintiff fails to respond to this order to show cause by March 6, 2017, then the court may recommend dismissal of this action for lack of jurisdiction.**

DATED: February 7, 2017

Alicia G. Rosenberg

ALICIA G. ROSENBERG
United States Magistrate Judge